Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CASEY BERNARD**, | Case No.:  3:12-cv-2104 |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR CREDIT REPORTING ACT (15 USC 1681 *et seq.*) |
| **ATLAS SCORE, LLC**, & **ERIK S. MOORE** | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I.  INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA").

## II.  JURISDICTION

2.      Plaintiff's claim for violations of the FCRA arises under federal law, and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

## III.  PARTIES

3.      Plaintiff, Casey Bernard ("Plaintiff"), is a natural person residing in

Washington County, Oregon.

4.    Defendant, Atlas Score, LLC, ("Defendant Atlas") is a corporation engaged in the business of obtaining consumer reports.

5.    Defendant, Erik S. Moore, ("Defendant Moore") is an individual attorney residing in the State of California.

## IV.  FACTUAL ALLEGATIONS

6.    Defendants are each a "person" as defined by 15 USC § 1681a(b).

7.    Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

8.    Within the last 2 years preceding the filing of this Complaint, Defendants took multiple actions that violated the provisions of the FCRA including the following.

9.    Within the last year, both Defendants obtained and/or used a "consumer report" for Plaintiff, as that term is defined in 15 USC § 1681a(d), from a "credit reporting agency," as that term is defined in 15 USC § 1681a(f), for a purpose other than that for which a consumer report is authorized to be furnished under 15 USC § 1681b.

10.    On information and belief, Defendant Moore initiated the process by requesting a consumer report for Plaintiff through a third party agency named "Aramor Agency."  Defendant Moore is an attorney for Plaintiff's ex-spouse.  Plaintiff believes that Defendant Moore sought the report for the purpose of aiding in the collection of support payments.  Such purpose does not fit within the allowable purposes listed in 15 USC § 1681b(a), and to Plaintiff's knowledge there is no other permissible purpose for Erik Moore to obtain Plaintiff's consumer report.  Defendant Moore knew or should have

known that the purpose for which he was obtaining a consumer report for Plaintiff was not permissible according to 15 USC § 1681b(a) of the FCRA. Therefore, Defendant Moore violated 15 USC 1681b(f) by negligently or intentionally obtaining and using a consumer report for an impermissible purpose.

11.  Defendant Atlas Score is an agency hired by "Aramor Agency," the company Defendant Moore hired to obtain the consumer report. Atlas Score is the company that requested Plaintiff's consumer report directly. Atlas Score knew or should have known that the purpose for which Mr. Moore sought the consumer report was impermissible under the FCRA. Therefore, Defendant Moore violated 15 USC 1681b(f) by negligently or intentionally obtaining and using a consumer report for an impermissible purpose.

12.  As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13.  Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14.  Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15.  To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of

his or her employment.

## COUNT I: NEGLIGENT VIOLATION OF FAIR CREDIT REPORTING ACT

16.     Plaintiff reincorporates by reference all of the preceding paragraphs.

17.     The preceding paragraphs state a *prima facie* case for Plaintiff and against

Defendants for violations of the FCRA, § 1681b(f).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against both

the Defendants for the following:

A.     Declaratory judgment that Defendant's conduct violated the FCRA,

B.     Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C.     Costs, disbursements and reasonable attorney's fees for all successful

claims, and any unsuccessful claims arising out of the same transaction or occurrence as

the successful claims, pursuant to 15 U.S.C. § 1681o(a)(2); and,

D.     For such other and further relief as may be just and proper.

## COUNT II: INTENTIONAL VIOLATION OF FAIR CREDIT REPORTING ACT

18.     Plaintiff reincorporates by reference all of the preceding paragraphs.

19.     The preceding paragraphs state a *prima facie* case for Plaintiff and against

Defendants for violations of the FCRA, § 1681b(f).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against both

the Defendants for the following:

A.      Declaratory judgment that Defendant's conduct violated the FCRA,

B.      Actual damages or $1000, whichever is greater, pursuant to 15 U.S.C. § 1681n(a)(1)(B).

C.      Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1681n(a)(3); and,

D.      For such other and further relief as may be just and proper.


Dated this 19th day of November, 2012.


By:___s/Joshua Trigsted_____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff