UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CASEY BERNARD,

    Plaintiff,

v.

ATLAS SCORE, LLC & ERIK S. MOORE,

    Defendants.

Case No.: 3:12-cv-02104-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff filed this action alleging that defendants violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, after defendants obtained or used a consumer credit report on plaintiff for an improper purpose. Defendant Erik S. Moore (Moore) has not yet appeared in this matter. Defendant Atlas Score (Atlas) seeks to dismiss the claims against it based on a lack of personal jurisdiction. The parties did not request oral argument. For the following reasons, defendant Atlas's Motion to Dismiss [13] is denied with leave to renew.

**BACKGROUND**

    Atlas has submitted an affidavit in support of its motion to dismiss, and plaintiff has not submitted any material outside of his pleadings. For the purposes of analyzing the present

1 -- ORDER

motion to dismiss, the court assumes the following facts, drawn from the affidavit and plaintiff's Amended Complaint.

Plaintiff is an Oregon resident. Moore is a California attorney who represents plaintiff's former spouse. At some point within the last two years, Moore requested a consumer credit report on plaintiff to aid in the collection of support payments for plaintiff's ex-wife. Moore requested the report through a third party known as "Aramor Agency." Aramor Agency in turn hired Atlas as its agent to obtain plaintiff's consumer report. Atlas requested plaintiff's consumer report and delivered it to Moore in California, through its credit report provider, Microbilt, which is a company based in Georgia.

Atlas is a limited liability company established in Missouri with a single office in Missouri. It is an entirely internet-based business that provides credit reports to pre-qualified and registered customers through its website. Oregon residents may access its website, but it otherwise has no contacts with Oregon. The parties dispute whether Atlas knew that plaintiff is a resident of Oregon.

## DISCUSSION

The plaintiff bears the burden of establishing that this court has personal jurisdiction over the defendants. *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671-72 (9th Cir. 2012). Where the court considers a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff is required only to make a prima facie showing of jurisdictional facts to withstand the motion. *Id.* The court must accept uncontroverted allegations in the plaintiff's complaint as true. *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1156, 1164 (D. Haw. 2003) (citing *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586,

2 -- ORDER

588 (9th Cir. 1996)). If the defendant presents evidence or affidavits to contradict the plaintiff's allegations, the plaintiff must present affirmative proof of jurisdiction beyond the pleadings. *Id.* The court must resolve all conflicts between the parties' affidavits in the plaintiff's favor. *Id.*; *Wash. Shoe Co.*, 704 F.3d at 672.

Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis. The exercise of jurisdiction must: (1) satisfy the requirements of the long-arm statute of the state in which the district court sits; and (2) comport with the principles of federal due process. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Oregon's long arm statute extends jurisdiction to the limits of due process under the United States Constitution. *Nike, Inc. v. Spencer*, 707 P.2d 589, 591 (Or. Ct. App. 1985); *see* ORCP 4. The relevant question, therefore, is whether the requirements of due process are satisfied by the exercise of personal jurisdiction over Atlas in Oregon.

The Due Process Clause of the U.S. Constitution protects persons from being subject to the binding judgments of a forum with which they have "established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Due process requires that a defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *Int'l Shoe Co.*, 326 U.S. at 316). "A court may exercise either general or specific jurisdiction over a nonresident defendant." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citation omitted). In this case, neither

party suggests that general jurisdiction is appropriate, and plaintiff's pleadings do not support such a finding. Therefore, only specific jurisdiction is at issue.

Specific jurisdiction over a non-resident defendant requires: (1) that the non-resident purposefully direct its activities at the forum or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Fiore v. Walden*, 688 F.3d 558, 573-74 (9th Cir. 2012) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). If the plaintiff meets the first and second elements, the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Schwarzenegger*, 374 F.3d at 802 (citation omitted). However, if the plaintiff fails at the first step, then the jurisdictional inquiry ends and the defendant must be dismissed from the case. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

In analyzing whether the assertion of jurisdiction is reasonable, courts consider: (1) the extent of a defendant's purposeful interjection into the forum; (2) the burden defending the action in the chosen forum would impose upon a defendant; (3) the extent of any conflict with the sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) which forum may most efficiently resolve the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761 (9th Cir. 1990). If a plaintiff establishes purposeful availment and reasonableness, the defendant must present a compelling case to demonstrate that jurisdiction is unreasonable. *Wash. Shoe Co.*, 704 F.3d at 672.

4 -- ORDER

1.  **Analysis**

To establish the purposeful direction prong in a FCRA case, the Ninth Circuit has utilized the *Calder*-effects test derived from *Calder v. Jones*, 465 U.S. 783, 788–90 (1984). *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072-74 (9th Cir. 2001). Under this test, a plaintiff may establish purposeful direction by showing that the non-resident defendant committed an intentional act, expressly aimed at the forum state, which caused harm that the defendant knew would likely be suffered in the forum state. *Fiore*, 688 F.3d at 576. Thus, "where there was 'individual targeting' of forum residents—actions taken outside the forum state for the purpose of affecting a particular forum resident or a person with strong forum connections—[the courts] have held the express aiming requirement satisfied." *Id.* at 577 (citations omitted).

Firstly, Atlas acted intentionally when it requested and obtained a consumer credit report on plaintiff. For the purpose of determining purposeful availment, "an intentional act is an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Wash. Shoe Co.*, 704 F.3d at 674. This requirement is clearly satisfied by Atlas's conduct. Additionally, the Ninth Circuit has held that harm due to violations of the FCRA occurs where the plaintiff feels the consequences, which in this case is Oregon. *Myers*, 238 F.3d at 1074. Therefore, the third requirement is also met.

The second question—express aiming—is at the heart of the parties' dispute. Under the *Calder* effects test adopted in *Myers*, a defendant's conduct is expressly aimed at the forum state when it requests a credit inquiry on a plaintiff that it knows is a resident of the forum. *Myers*, 238 F.3d at 1073. Defendants contend that plaintiff cannot establish a prima facie case

supporting jurisdiction because he cannot show that defendants targeted plaintiff or even knew he was an Oregon resident.

Atlas asserts that it only maintains a passive website, has no contacts with Oregon, and had no knowledge of plaintiff's residence at the time it requested his consumer report. Although the "maintenance of a passive website alone" is insufficient to satisfy the express aiming prong, "operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient." *Mavrix Photo Inc. v. Brand Techs., Inc*, 647 F.3d 1218, 1229 (9th Cir. 2011) (citations omitted). A defendant has done "something more" when it has "individually targeted a plaintiff known to be a forum resident." *Id.* (citations and quotation omitted). Thus, for express aiming, "[k]nowledge of the plaintiff's residence is the crucial element." *Gordon v. DTE Energy*, 680 F. Supp. 2d 1282, 1285 (W.D. Wash. 2010) (citations omitted); *see also Cisneros*, 293 F. Supp. 2d at 1166 (finding no express aiming where the defendants in that case were unaware of the plaintiff's residence in the forum state and had ceased their contact with the plaintiff before he moved to the forum state).

Atlas has submitted an affidavit from its owner and primary member attesting that no one employed by Atlas was aware of plaintiff's residence prior to this litigation. Although disputed facts must be resolved in plaintiff's favor at this stage, plaintiff's Amended Complaint contains only a single conclusory allegation that "[a]ll Defendants knew or should have known that Plaintiff, the person whose credit report Defendants were attempting to obtain through their actions, was a resident of Oregon . . . ." Am. Comp. ¶12. Plaintiff has submitted no declarations or affidavits to contradict Atlas's affidavit, and his conclusory allegation is insufficient to make a prima facie showing of jurisdiction. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007)

6 -- ORDER

(noting that "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's [prima facie] pleading burden").[1]  Because plaintiff has not established any forum-related activity by Atlas, the causation and reasonableness requirements have not been met.

Perhaps realizing that his allegations are insufficient, plaintiff has requested limited discovery regarding whether Atlas was aware of plaintiff's residence at the time it requested his consumer report.  Jurisdictional discovery may be permitted "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto,* 539 F.3d at 1020 (citation omitted).  Under the circumstances, this court believes that limited discovery is warranted and may result in a clear basis for jurisdiction, such as if the request for plaintiff's consumer report included any of his contact information in Oregon.  Plaintiff is cautioned to limit his discovery requests to the precise question of Atlas's knowledge of plaintiff's residence.  Accordingly, this court denies Atlas's motion with leave to renew.

2.  **Venue**

Alternatively, Atlas asserts that this case should be transferred to a district court in Missouri, where Atlas may have developed its policies for obtaining consumer reports, or California, where the consumer report was ordered and delivered.  Because subject-matter jurisdiction is not founded on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(b).  *Myers,* 238 F.3d at 1075.  Under this statute, venue is proper in a judicial district where "a

---

[1] In its Reply brief, Atlas asserted that even if Moore knew where plaintiff resided, Moore's knowledge cannot be imputed to Atlas.  This argument was not raised in Atlas's opening brief, was not discussed in plaintiff's responsive brief, and is not alleged in plaintiff's Amended Complaint.  In any event, plaintiff does not allege any additional jurisdictional facts regarding Moore's knowledge, so this court need not discuss the issue further.

7 -- ORDER

substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). For alleged FCRA violations, the Ninth Circuit has found that a FCRA violation is akin to the tort for violation of privacy such that the locus of the FCRA injury is a relevant factor for determining where a substantial part of the claim occurred. *Myers*, 238 F.3d at 1076. If the limited discovery establishes personal jurisdiction in Oregon over Atlas, then this court will be the proper venue for this case because plaintiff suffered his harm from the alleged FCRA violation in Oregon.

**CONCLUSION**

For the reasons provided, defendant Atlas's Motion to Dismiss [13] is DENIED with leave to renew following the limited discovery. Jurisdictional discovery must be completed by April 15, 2013.

IT IS SO ORDERED.

DATED this 12 day of March, 2013.

_____
Ancer L. Haggerty
United States District Judge